**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| In re ) | |
| ) | |
| BRANDEN CHARLES GRIMM, and ) | Case No. 15-18034-MER |
| KIMBERLY RENEE LOWERY-GRIMM ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| NEXTGEAR CAPITAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. Pro. No. 15-01402-MER |
| ) | |
| BRANDEN CHARLES GRIMM, and ) | |
| KIMBERLY RENEE LOWERY-GRIMM, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COME NOW, Defendants Branden Charles Grimm and Kimberly Renee Lowery-Grimm (together hereafter referred to as "Defendants"), by and through undersigned counsel, and file this Answer in response to the Plaintiff Nextgear Capital, Inc.'s Complaint to Determine Diischargeability of a Debt (hereafter "the Complaint"). Defendants hereby deny any allegation in the Complaint that is not explicitly admitted herein. Defendants Answer the Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

1

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 7 of the Complaint and therefore deny the same.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

### FACTS COMMON TO ALL COUNTS

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 14 of the Complaint and therefore deny the same.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

### COUNT I – FRAUD OR DEFALCATION IN A FIDUCIARY CAPACITY, EMBEZZLEMENT, OR LARCENY
### (11 U.S.C. §523(a)(4))

### Against Kimberly Renee Lowery-Grimm Only

16. Defendants deny except where Defendants have explicitly admitted.

17. Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in paragraph 18 of the Complaint.

19. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 19 of the Complaint and

therefore deny the same.

20. Defendants admit the allegations contained in paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in paragraph 21 of the Complaint.

22. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 22 of the Complaint and therefore deny the same.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

**COUNT II – ADDITIONAL EXTENSIONS OF CREDIT OBTAINED THROUGH FALSE PRETENSES, A FALSE REPRESENTATION, OR ACTUAL FRAUD (11 U.S.C. § 523(a)(2)(A))**

**Against Branden Charles Grimm Only**

33. Defendants deny except where Defendants have explicitly admitted.

34. Defendants admit the allegations contained in paragraph 34 of the Complaint.

35. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 35 of the Complaint and

therefore deny the same.

36. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 36 of the Complaint and therefore deny the same.

37. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 37 of the Complaint and therefore deny the same.

38. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 38 of the Complaint and therefore deny the same.

39. Defendants admit the allegations contained in paragraph 39 of the Complaint.

40. Defendants admit the allegations contained in paragraph 40 of the Complaint.

41. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 41 of the Complaint and therefore deny the same.

42. Defendants admit the allegations contained in paragraph 42 of the Complaint.

43. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 43 of the Complaint and therefore deny the same.

44. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 44 of the Complaint and therefore deny the same.

45. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 45 of the Complaint and therefore deny the same.

46. Defendants admit the allegations contained in paragraph 46 of the Complaint.

47. Defendants admit the allegations contained in paragraph 47 of the Complaint.

48. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 48 of the Complaint and therefore deny the same.

49. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 49 of the Complaint and therefore deny the same.

50. Defendants admit the allegations contained in paragraph 50 of the Complaint.

51. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 51 of the Complaint and therefore deny the same.

52. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 52 of the Complaint and therefore deny the same.

53. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 53 of the Complaint and therefore deny the same.

54. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 54 of the Complaint and

therefore deny the same.

55. Defendants admit the allegations contained in paragraph 55 of the Complaint.

56. Defendants admit the allegations contained in paragraph 56 of the Complaint.

57. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 57 of the Complaint and therefore deny the same.

58. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 58 of the Complaint and therefore deny the same.

59. Defendants admit the allegations contained in paragraph 59 of the Complaint.

60. Defendants admit the allegations contained in paragraph 60 of the Complaint.

61. Defendants admit the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants admit the allegations contained in paragraph 63 of the Complaint.

64. Defendants admit the allegations contained in paragraph 64 of the Complaint.

65. Defendants admit the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 67 of the Complaint and therefore deny the same.

68. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 68 of the Complaint and therefore deny the same.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 70 of the Complaint and therefore deny the same.

71. Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 71 of the Complaint and therefore deny the same.

### COUNT III – WILLFUL AND MALICIOUS INJURY
### (11 U.S.C. § 523(a)(6))

### Against Branden Charles Grimm and Kimberly Renee Lowery-Grimm

72. Defendants deny except where Defendants have explicitly admitted.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

As to the paragraphs immediately following numbered paragraph 84 in the Complaint, to

the extent that those paragraphs require any response, Defendants deny, and ask the Court to dismiss all counts and claims asserted by Plaintiff. Defendants request that the Court enter judgment against Plaintiff and in favor of Defendants for their costs, attorney fees, including but not limited to those available pursuant to 11 U.S.C. § 523(d), pre-judgment and post-judgment interest, and any other or further relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate its damages.

3. Plaintiff has failed to dispose of the alleged collateral in a commercially reasonable manner.

4. Plaintiff has failed to account for and/or failed to credit Defendants for the proceeds of collateral that was repossessed and sold.

5. Plaintiff's claims are wholly or partially barred by payment in full or by partial payment.

6. Defendants acted within the ordinary course of business and in good faith.

7. Defendants acted with good faith within their reasonable business judgment.

8. Plaintiff's claims are barred by waiver.

9. Plaintiff's claims are barred by estoppel.

10. Plaintiff's claims are barred because Plaintiff is not the real party in interest and lacks standing.

11. Plaintiff's claims are barred by accord and satisfaction.

12. Plaintiff's claims are barred by settlement.

13. Plaintiff's claims are barred by setoff.

14. Plaintiff's claims are barred by recoupment.

15. Plaintiff's claims are barred by the Uniform Commercial Code.

Dated: 11/11/15                     By: /s/ Ryan Peterson
                                    Counsel for Defendants
                                    Ryan Peterson, #40335
                                    The Law Office of Ryan Peterson, LLC
                                    7550 W. Yale Ave., A-150
                                    Denver, CO 80227
                                    Phone: 303-945-5822
                                    Fax: (303) 479-8325
                                    ryan@ryanpetersonlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a true and correct copy of the **ANSWER** by placing the same in the U.S. Mail, first class postage pre-paid, this 11th day of November, 2015, addressed to the following:

Neal K. Dunning, Esq.
2000 South Colorado Blvd.
Tower Two, Suite 700
Denver, CO 80222

M. Stephen Peters, Trustee
PO Box 4610
Frisco, CO 80443

U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, CO 80294

/s/ Ryan Peterson
Ryan Peterson