**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>BRANDEN CHARLES GRIMM<br>KIMBERLY RENEE LOWERY-GRIMM<br><br>     Debtors. | Case No. 15-18034 MER<br><br>Chapter 7 |
| NEXTGEAR CAPITAL, INC.<br><br>     Plaintiff,<br><br>v.<br><br>BRANDEN CHARLES GRIMM<br>KIMBERLY RENEE LOWERY-GRIMM<br><br>     Defendants. | Adversary No. 15-1402 MER |

**ORDER**

PLEASE TAKE NOTICE that this matter is set for a two day trial, commencing on **Wednesday, January 11, 2017, at 10:00 a.m.,** in Courtroom C, U.S. Custom House, 721 19th Street, Denver, Colorado.

IT IS ORDERED that the provisions of FED.R.CIV.P. 26 shall apply to this proceeding, subject to the provisions of this Order. The requirements in this Order specifically supersede the requirements in Local Bankruptcy Rule 9070-1.

IT IS FURTHER ORDERED that the parties adhere to the following deadlines:

1. **Witnesses and Exhibits**. The parties shall exchange witness lists and exhibits on or before **December 21, 2016**. A List of Witnesses and Exhibits shall be filed with the Court on or before **December 21, 2016**, substantially in the form of L.B. Form 9070-1.1. Do not file the actual exhibits unless otherwise directed by the Court. Any illustrative aids to be used at trial in opening statements, with a witness, or in closing arguments, shall be exchanged by **December 28, 2016.**

    a. The parties must exchange FULL SETS of intended exhibits prior to trial. Exhibits which have been attached to pleadings or provided as

        discovery responses are not considered to be exchanged for purposes of trial preparation.

    b.     Exhibits must be marked for identification (Movant-numbers and Respondent-letters).

    **c.**     **Multi-page exhibits should be individually page-numbered.**

    d.     Expert witnesses must be specifically identified.

    e.     The courtroom is equipped for electronic evidence presentation and the Court strongly encourages its use. The guidelines for using courtroom technology are available at: http://www.cob.uscourts.gov/content/chief-judge-michael-e-romero-mer.

    f.     If paper exhibits are being used, each party shall provide three (3) copies (original + 2) of all exhibits to the Law Clerk or Courtroom Deputy. The original exhibits are to be used by the witness and the copies are for the Court. Exhibits should be placed in a binder and indexed in the form of Attachment 1 to L.B.R. 9070-1.1.

    g.     Written objections directed to the witnesses or exhibits must be filed with the Court and served on opposing counsel or partyon or before **January 4, 2017**, otherwise all objections except as to foundation and relevancy are waived.

    h.     Copies of contested exhibits must be attached to the filing of objections for the Court's prior review, unless the nature of the objection involves the fact that the party proffering the exhibit has failed to adequately identify and/or exchange it.

    i.     While objections to exhibits will be deemed waived unless the objector complies with this paragraph, only those exhibits which are specifically admitted during the evidentiary hearing will be considered by the Court and become part of the evidentiary hearing record.

2. **Pretrial Statement**. On or before **December 14, 2016**, (28 days) the parties, through counsel, if applicable, must confer and prepare a pretrial statement setting forth the following, which must be filed with the Court on or before **December 21, 2016:**

    a.     A brief summary of the claims and defenses of each party;

    b.     A concise statement of stipulated and uncontested facts;

    c.     A concise statement of the issues that are in dispute;

    d.     A brief statement of all points of law relied upon, citing pertinent statutes, standards, cases and other authority; and

    e.     If applicable, an itemization of damages with a description of the basis for the calculation.

**Failure to timely file the witness and exhibit lists or a complete pretrial statement including stipulated facts may result in the *sua sponte* vacation of the trial.**

3. **Trial Briefs**.  For all trials and contested hearings set for one day or longer, it is the practice of this Court to request the parties to provide written closings, with legal authority and citations to the trial record, at a date to be determined after the close of evidence.  Accordingly, the Court asks the parties to forego pre-trial briefing in lieu of the written closings.  Motions requesting conventional oral closings may be tendered to the Court prior to the start of trial.

4. Notification of Settlement.  To facilitate court preparation for this hearing, any motion to continue the hearing or to vacate the hearing due to settlement shall be filed at least 24 hours prior to the scheduled hearing.  Parties shall contact chambers staff by telephone at 720-904-7413 upon filing such a motion, and chambers staff will advise parties if the hearing is continued or vacated.  Except in exigent circumstances not known 24 hours before the hearing, oral motions to continue will not be entertained.  If the matter is settled and a written motion to vacate due to settlement cannot be timely submitted, counsel and parties appearing pro se may be required to appear, either in person or by telephone, at the scheduled hearing time to read the terms of any settlement into the record.

5. Court Appearances.  Evidence will not be received by telephone or declaration, nor will parties be permitted to appear by telephone.  All parties shall appear in person or by counsel.

Dated October 4, 2016                    BY THE COURT:

_____
Michael E. Romero, Chief Judge
United States Bankruptcy Court